UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| AIDEMAR GROUP, INC., a California Corporation<br><br>Plaintiff,<br>v.<br><br>HIGHWAYMEN SUPPLY AND PACKAGING LLC, a Washington limited liability company, d/b/a CUSTOM CONES USA<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aidemar Group, Inc. ("Aidemar"), hereby files this Complaint for Patent Infringement against Defendant Highwaymen Supply and Packaging LLC, d/b/a Custom Cones USA ("Defendant" or "Highwaymen") respectfully showing this Court as follows:

## NATURE OF THE ACTION

1. This is a civil action against Defendant for patent infringement under the Patent Act, 35 U.S.C. § 271, for the infringement of U.S. Patent No. 11,395,509 ("the '509 Patent"),

based on Defendant's unauthorized manufacture, use, offer for sale, and/or sales in the United States and/or importation into the United States of its filter tips ("Accused Product"). True and correct copies of the '509 Patent are attached hereto as **Exhibit A**. True and correct photographs of the Accused Product are attached hereto as **Exhibit B**.

2. Aidemar is the lawful assignee and exclusive owner of all right, title, and interest in and to the patent-in-suit, including rights to sue for acts of past, present, and future infringement.

## THE PARTIES

3. Aidemar is a California corporation with its principal place of business in Vernon, California.

4. Defendant Highwaymen Supply and Packaging LLC, d/b/a Custom Cones USA ("Highwaymen"), is a Washington limited liability company, with its principal place of business at 4101 Oakesdale Ave SW, Suite 200 Renton, Washington, 98057-4817.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Highwaymen because it is formed under California law, its principal place of business is in this District, and it has directed its infringing activity into this District and beyond from within this District.

7. Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because Highwaymen resides in this District, and it has committed acts of direct and indirect patent infringement in this District while maintaining a regular and established place of business within this District.

## FACTS AND BACKGROUND

8. Aidemar has a long history in filters and accessories for the smoking industry, specifically known for its innovations in filter tip designs and unique flavor mechanisms to enhance the smoking experience.

9. Aidemar has created numerous products over the years and has grown in size,

Page 2 of 9

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539

sophistication, and reputation to become a leading smoking filter manufacturer in the United States.

10. Today, Aidemar is headquartered in Vernon, California, where it has its distribution and offices.

11. Defendant competes with Aidemar and sells products to the smoking industry.

12. To protect its investment in innovation, Aidemar secured both utility and design patent protection for its unique contributions to the filter tip space.

13. On July 26, 2022, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '509 Patent to inventor Jawid Wahidi for the invention entitled "Smokable Cone Insert Including Flavor Releasing Mechanisms". **Exhibit A**.

14. Aidemar is the owner by assignment of all rights, title, and interest in and to the '509 patent, including the right to enforce the '509 patent against infringers.

15. Pursuant to 35 U.S.C. § 282, the '509 patent is presumed valid.

16. Defendant also sells filter tips and is a competitor of Aidemar.

17. Early this year, Aidemar learned Highwaymen (d/b/a "Custom Cones USA"), had been making, promoting, offering to sell, and distributing filter tips that infringe the '509 Patent.

18. Specifically, as discussed more fully below, Highwaymen's "Crush Cones" utilize filter tips that practice the invention of the '509 Patent.

19. On July 19, 2024, Aidemar notified Highwaymen of its infringement through a cease-and-desist letter ("the Letter") via email and FedEx.  A true and correct copy of Aidemar's July 19, 2024 Letter is attached hereto as **Exhibit C**.

20. Although counsel for Aidemar followed up via email, Highwaymen never responded.

21. To date, Highwaymen continues to offer to sell its infringing product on at least its website https://customconesusa.com specifically, https://customconesusa.com/pre-rolled-cones/specialty-pre-rolled-cones/flavored-pre-rolled-cones/, as shown herein as **Exhibit D**.

### Defendant's Infringing Acts

Page 3 of 9

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539

22. Defendant has known of, should have known of, or has been willfully blind to the '509 Patent. To the extent applicable, Plaintiff has complied with the patent marking and notice provisions of 35 U.S.C. § 287 by providing constructive and actual notice to Defendant of Defendant's infringement.

23. Defendant has possessed actual knowledge of the '509 Patent from at least as early as July 19, 2024, following receipt of the Letter discussed above.

24. Upon information and belief, Defendant and/or parties under its supervision or control have been tracking Plaintiff's business, products, and intellectual property rights and have been modeling products after those of Plaintiff. Upon information and belief, Defendant makes and then sells and offers for sale the Accused Product through various channels, including but not limited to wholesalers, physical retail stores, and online marketplaces. Defendant also distributes the Accused Product through third parties. Upon information and belief, Defendant thus engages in the unauthorized manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of the Accused Product. Upon information and belief, Defendant infringed at least claim 1 of the '509 Patent that covers the product; and at least claim 11 that covers the method of manufacturing the Accused Product.

25. Upon information and belief, Defendant has also induced direct infringement by others because Defendant took affirmative acts to bring about the commission by others of acts of infringement and had knowledge that the induced acts constitute patent infringement. For example, upon information and belief, Defendant has induced its customers to use the Accused Product that is covered by at least claim 1 of the '509 Patent. Also, upon information and belief, Defendant has induced certain suppliers and manufacturers to make, sell, and/or import the Accused Product that is covered by at least claim 1 and/or claim 11 of the '509 Patent.

26. From at least July 26, 2022, to the present day, Highwaymen, has sold filter tips, known as "Crush Cones", that infringe at least Claim 1 of the '509 Patent as shown in the chart below.

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539

| Claim 1 Language | Accused Product |
|---|---|
| An insert for use as a mouthpiece to a smokable item and for securing at least one flavor releasing mechanism, the insert comprising: | The Accused Product interfaces with a smokable item. The smokable item in this example is a paper cone. |
| a section of smokable material including a first side, a second side opposite the first side, a top side, a bottom side, a front, and a back; and | |
| a first aperture in the front of the section and extending to the back of the section, the first aperture located between the top side and the bottom side and extending to a point closer to the first side than it extends to the second side; | |
| wherein the section is adapted to be folded in an area of the first aperture thereby forming a first cavity in the area of the first aperture, and wherein the first cavity is adapted to receive and secure at least one flavor releasing mechanism. | |

## WILLFUL INFRINGEMENT

27.  Since at least as early as July 19, 2024; Defendant has been put on actual notice of its infringement and its inducement of the infringement of others.

28.  Defendant has known, should have known, or at least has been willfully blind to its infringement of the '509 Patent.

Page 5 of 9

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539

29. Defendant's foregoing actions thus constitute willful infringement of the '509 Patent.

## CAUSES OF ACTION

### COUNT I:

### Direct Infringement of U.S. Patent No. 11,395,509 under 35 U.S.C. § 271(a)

30. Aidemar incorporates by reference the allegations contained in the preceding paragraphs 1 through 29 as if separately repeated here.

31. The '509 Patent is valid and enforceable.

32. The Accused Products directly infringe and continue to directly infringe, literally and/or under the doctrine of equivalents, at least **Claim 1.**

33. Defendant offers for sale, sells, and/or distributes the Accused Products which infringe the '509 Patent.

34. Upon information and belief, Defendant also manufactures and uses the Accused Products which infringe the '509 Patent.

35. Aidemar has sustained damages as a direct and proximate result of Defendant's infringement of the '509 Patent and is entitled to damages pursuant to 35 U.S.C. § 284.

36. Because Defendant has been warned multiple times of its infringement, Defendant's infringement is willful and egregious, thereby making this an exceptional case and justifying the imposition of treble damages and an award of reasonable attorney fees to Aidemar within the provisions of 35 U.S.C. §§ 284, 285.

37. Highwaymen's continuing infringement in the face of multiple warnings has caused, and unless enjoined by this Court under 35 U.S.C. § 283, will continue to cause Aidemar to suffer irreparable harm for which it cannot be adequately compensated by a monetary award.

38. Because Aidemar needs to protect itself from continuing to lose valuable market share and profits, and because Defendant has failed to heed Plaintiff's warnings to cease infringing, the balance of hardships favors Aidemar.

39. The public interest would be served by the issuance of an injunction because encouraging the enforcement of patents encourages innovation. Moreover, other non-infringing

Page 6 of 9

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539

alternatives exist to allow consumers to enjoy flavored tobacco products. Thus, removing Defendant from the marketplace would not harm the public.

### COUNT II:

**Indirect Infringement of U.S. Patent No. 11,395,509 under 35 U.S.C. § 271(b)**

40. Aidemar incorporates by reference the allegations contained in the preceding paragraphs 1 through 39 as if separately repeated here.

41. Defendant offers for sale, sells, and/or distributes the Accused Products which infringe the '509 Patent, thus inducing others to infringe the '509 Patent through the use of the Accused Products. For example, upon information and belief, Defendant encourages the use of the Accused Products through its website, distributors, and attends marketing events and trade shows where Defendant promotes the use of the Accused Products.

42. Upon information and belief, Defendant's actions of offering, selling, and distributing the Accused Products induce infringement of at least Claim 11 of the '509 Patent that covers a method of manufacturing the Accused Product.

43. Based at least upon Aidemar's July 19, 2024 Letter specifically referencing the '509 Patent, Defendant, with knowledge that the Accused Products infringe the '509 Patent, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '509 Patent by providing the Accused Products for sale through its website, distributors, and at retail locations across this District, in Washington and throughout the United States.

44. Therefore, Defendant knowingly, actively induced, and continues to knowingly induce third-party infringers to practice the patented inventions of the '509 Patent by encouraging its customers and distributors to use the Accused Products. Defendant's actions also encourage and facilitate others to manufacture the Accused Products in violation of at least Claim 11 Defendant has knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

45. Therefore, Defendant has induced infringement by others with the intent to cause infringing acts by others. In the alternative, Defendant induced infringement by others with the

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539

belief of a high probability that others would infringe the '509 Patent, while remaining willfully blind to that infringement.

46.  Aidemar has sustained damages as a direct and proximate result of Defendant's inducement of infringement by others of the '509 Patent and is entitled to damages pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Aidemar seeks the following relief:

A. An entry of judgment in Aidemar's favor and against Defendant on all Counts of this Complaint;

B. An order enjoining, temporarily, preliminarily, and permanently, Defendant, and each of its respective officers, agents, servants, employees, and attorneys, and all of those persons in active concert or participation with it, from infringing any of Asserted Patent;

C. An award of damages adequate to compensate Aidemar for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, together with prejudgment interest and costs, treble damages for Defendant's willful infringement, and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285;

D. An order declaring this an exceptional case and awarding Aidemar its attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E. Such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to F.R.C.P. 38(b), Plaintiff, Aidemar demands a trial by jury for all claims.

Dated: February 18, 2025

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539

|   |   |
|---|---|
| | */s/ Tim Billick* |
| | Tim Billick |
| | Practus LLP |
| | 600 1st Ave., Suite 120 |
| | Seattle, WA 98104 |
| | 206-844-6539 |

By:   */s/Michael N. Cohen/*
Michael N. Cohen (*pro hac vice application forthcoming*)
COHEN IP LAW GROUP PC
9025 Wilshire Blvd, Suite 301
Beverly Hills, CA 90211
mcohen@cohenip.com
Tel: 310-288-4500

*Attorneys for Plaintiff*
*Adimar Group, Inc.*

Page 9 of 9

COMPLAINT

PRACTUS LLP
600 1st Ave., Suite 120
Seattle, WA 98104
(206)-844-6539