UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AIDEMAR GROUP INC, <br><br> Plaintiff, <br> v. <br><br> HIGHWAYMEN SUPPLY AND PACKAGING LLC, <br><br> Defendant. | CASE NO. 2:25-cv-00313-LK <br><br> ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT |

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 4/15/2025 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 4/29/2025 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 5/13/2025 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Natalie Wood, Courtroom Deputy, at

natalie_wood@wawd.uscourts.gov. If Defendants have appeared, the parties are directed to meet and confer before contacting the Court to request an extension. If this case involves claims which are exempt from the requirements of Federal Rules of Civil Procedure ("FRCP") 26(a) and 26(f), please notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov. In those cases, the parties must still file a joint status report by the deadline, addressing the applicable paragraphs below and clearly stating whether the parties anticipate that the matter can be resolved by dispositive motions, and if so, a proposed deadline and briefing schedule for such motions consistent with Local Civil Rule 7(k) and the Court's Standing Order, described below.

## II. JUDGE-SPECIFIC PROCEDURAL INFORMATION

The parties are directed to review Judge King's Standing Order for All Civil Cases, which is docketed in each case. The parties are expected to abide by the requirements set forth therein. Failure to do so may result in the imposition of sanctions.

All parties must review the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, which can be found on the Court's website at www.wawd.uscourts.gov.

## III. JOINT STATUS REPORT & DISCOVERY PLAN

All parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by May 13, 2025. This conference shall be by direct and personal communication, whether that be an in-person or virtual meeting or a telephonic conference. The Report will be used to set a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

    1.    A statement of the nature and complexity of the case.

    2.    A proposed deadline for joining additional parties.

3.  The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable S. Kate Vaughan may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4.  A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in FRCP 26(f)(3), which includes the following topics:

    (A)  initial disclosures;

    (B)  subjects, timing, and potential phasing of discovery;

    (C)  electronically stored information;

    (D)  privilege issues;

    (E)  proposed limitations on discovery; and

    (F)  the need for any discovery related orders.

ORDER REGARDING INITIAL DISCLOSURES, JOINT
STATUS REPORT, AND EARLY SETTLEMENT - 3

5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A) prompt case resolution;

    (B) alternative dispute resolution;

    (C) related cases;

    (D) discovery management;

    (E) anticipated discovery sought;

    (F) phasing motions;

    (G) preservation of discoverable information;

    (H) privilege issues;

    (I) Model Protocol for Discovery of ESI; and

    (J) alternatives to Model Protocol.

6. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all additional items set forth in Local Patent Rule 110, which include the following topics:

    (A) Any proposed modifications of the deadlines provided for in the Local Patent Rules ("PAT"), and the effect of any such modification on the proposed date and time of the claim construction hearing, if any;

    (B) Whether confidentiality concerns affect the disclosures contemplated in these rules and, if so, the parties' positions on how they should be addressed;

  (C) Whether and when a tutorial might be scheduled to assist the Court to understand the underlying technology;

  (D) Whether discovery should be allowed before the disclosures required by Local Patent Rule 120;

  (E) Whether any party plans to bring a motion for preliminary injunction or a dispositive motion before the claim construction hearing and, if so, the nature of such motion. (**Please note:** The Court will not rule on dispositive motions that raise issues of claim construction prior to the claim construction hearing unless warranted by special circumstances *and* the party obtains leave of court in advance of filing);

  (F) The need for, and any specific limits on, discovery relating to claim construction, including depositions of expert or fact witnesses;

  (G) Whether the Court should appoint an expert to hear and make recommendations on claim construction issues;

  (H) The nature of the claim construction hearing (*e.g.*, an evidentiary hearing with testimony, oral argument only).

7. The case name, case number, and court or other tribunal for any pending or prior action challenging the patent(s) at issue in the case.

8. The date by which discovery can be completed.

9. Whether the case should be bifurcated; e.g., by trying the liability issues before the damages issues; or bifurcated in any other way.

10. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

11. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

12. Any other suggestions for shortening or simplifying the case.

13. The date the case will be ready for trial.

14. Whether the trial will be jury or non-jury.

15. The number of trial days required.

16. The names, addresses, and telephone numbers of all trial counsel.

17. The dates on which trial counsel may have conflicts or complications to be considered in setting a trial date.

18. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

19. Whether any party wishes to have a scheduling conference before the Court enters a scheduling order in the case.

20. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

21. A proposed case schedule in the same or similar format as follows with the dates parties expect to be ready for the following (*see* Appendix 1 to the Local Patent Rules for generally expected time frames):

| EVENT | DEADLINE |
|---|---|
| Disclosure of Asserted Claims and Infringement Contentions (PAT 120) | |
| Non-Infringement and Invalidity Contentions (PAT 121) and accompanying document production (PAT 122) | |
| Deadline for joining additional parties | |
| Parties to exchange Proposed Terms and Claim Elements for Construction (PAT 130) | |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (PAT 131) | |
| Parties to file Joint Claim Construction and Prehearing Statement (PAT 132) | |
| Construction Expert Disclosures, if necessary (PAT 132) | |
| Parties to disclose rebuttal expert reports, if any, | |
| Completion of claim construction discovery, if necessary (PAT 133) and for amending pleadings | |
| Opening claim construction briefs (noted for the date that the responsive claim construction briefs are due) (PAT 134(a)–(b)) | |
| Responsive claim construction briefs (PAT 134(c)) | |
| Tutorial (if necessary) (PAT 132(g)) | |
| Claim Construction Hearing (PAT 135)[1] | |
| Disclosure of expert testimony under FRCP 26(a)(2) due | |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | |
| All motions related to discovery must be filed by | |
| Discovery completed by | |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)). Such motions must be noted for consideration no later than the fourth Friday thereafter (*see* LCR 7(d)). | |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | |
| All motions in limine must be filed by | |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | |
| Trial briefs, proposed voir dire questions, and deposition designations due | |
| Pretrial conference scheduled at 10:00 a.m. on | |

---

[1] If a claim construction (Markman) hearing is necessary, one will be set upon at least 20 days' notice to the parties.

22. A certification that all parties have reviewed Judge King's Standing Order for All Civil Cases, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.

23. A certification that all parties have reviewed and complied with Judge King's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

### IV. PLAINTIFF'S RESPONSIBILITY

The Plaintiff(s) are directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance.

### V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

Dated this 18th day of March, 2025.

Lauren King
United States District Judge