THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIDEMAR GROUP INC.,

        Plaintiff,

    v.

HIGHWAYMEN SUPPLY AND
PACKAGING LLC,

        Defendant.

Civil Action No.: 2:25-cv-00313

HIGHWAYMEN SUPPLY AND
PACKAGING LLC'S ANSWER,
AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO AIDEMAR
GROUP, INC.'S COMPLAINT

**(JURY DEMAND)**

### HIGHWAYMEN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AIDEMAR GROUP INC.'S COMPLAINT

Defendant-Counterclaimant Highwaymen Supply and Packaging LLC d/b/a Customer Cones USA ("Highwaymen") answers Plaintiff-Counterclaim Defendant Aidemar Group, Inc.'s ("Aidemar") complaint (ECF No. 1), as follows. Any allegations or averments not specifically admitted herein are denied.

### NATURE OF THE ACTION

1.      Paragraph 1 is a statement of the nature of Aidemar's claims, to which no response is required. To the extent a response is required, Highwaymen admits that Aidemar seeks a

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* but denies that Aidemar is entitled to such relief.

2.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and Highwaymen denies the same.

## THE PARTIES

3.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and Highwaymen denies the same.

4.     Highwaymen admits the allegations in paragraph 4.

## JURISDICTION AND VENUE

5.     Highwaymen admits the allegations in paragraph 5.

6.     Highwaymen admits the allegations in paragraph 6.

7.     Highwaymen admits the allegations in paragraph 7.

## FACTS AND BACKGROUND

8.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and Highwaymen denies the same.

9.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and Highwaymen denies the same.

10.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and Highwaymen denies the same.

11.     Highwaymen admits that it sells products in the smoking industry but otherwise denies the allegations in paragraph 11.

12.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and Highwaymen denies the same.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

2

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

13.     Highwaymen admits as to the existence of the published patent applications listed in paragraph 13 and that the documents speak for themselves.

14.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and Highwaymen denies the same.

15.     Highwaymen admits that patents are presumed to be valid under 35 U.S.C. § 282 but otherwise denies the allegations in paragraph 15.

16.     Highwaymen admits that it sells products in the smoking industry but otherwise denies the allegations in paragraph 16.

17.     Highwaymen lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and Highwaymen denies the same.

18.     Highwaymen denies the allegations in paragraph 18.

19.     Highwaymen admits the allegations in paragraph 19.

20.     Highwaymen admits the allegations in paragraph 20.

21.     Highwaymen denies the allegations in paragraph 21.

22.     Highwaymen denies the allegations in paragraph 22.

23.     Highwaymen admits it received a July 19, 2024 letter but otherwise denies the allegations in paragraph 23.

24.     Highwaymen denies the allegations in paragraph 24.

25.     Highwaymen denies the allegations in paragraph 25.

26.     Highwaymen denies the allegations in paragraph 26.

## **WILLFUL INFRINGEMENT**

27.     Highwaymen denies the allegations in paragraph 27.

28.     Highwaymen denies the allegations in paragraph 28.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

3

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

29. Highwaymen denies the allegations in paragraph 29.

## CAUSES OF ACTION

## COUNT I:
## Direct Infringement of U.S. Patent No. 11,395,509 under 35 U.S.C. § 271(a)

30. Highwaymen denies the allegations in paragraph 30.

31. Highwaymen denies the allegations in paragraph 31.

32. Highwaymen denies the allegations in paragraph 32.

33. Highwaymen denies the allegations in paragraph 33.

34. Highwaymen denies the allegations in paragraph 34.

35. Highwaymen denies the allegations in paragraph 35.

36. Highwaymen denies the allegations in paragraph 36.

37. Highwaymen denies the allegations in paragraph 37.

38. Highwaymen denies the allegations in paragraph 38.

39. Highwaymen denies the allegations in paragraph 39.

## COUNT II:
## Indirect Infringement of U.S. Patent No. 11,395,509 under 35 U.S.C. § 271(b)

40. Highwaymen denies the allegations in paragraph 40.

41. Highwaymen denies the allegations in paragraph 41.

42. Highwaymen denies the allegations in paragraph 42.

43. Highwaymen denies the allegations in paragraph 43.

44. Highwaymen denies the allegations in paragraph 44.

45. Highwaymen denies the allegations in paragraph 45.

46. Highwaymen denies the allegations in paragraph 46.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

4

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

## PRAYER FOR RELIEF

The allegations in these paragraphs do not call for a response from Highwaymen. However, Highwaymen denies that Aidemar is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Further answering the complaint, Highwaymen asserts the following defenses, undertaking the burden of proof on such defenses only to the extent required by law. Highwaymen reserves its right to amend its Answer with additional defenses as more information is obtained. Highwaymen alleges as follows:

47.     The '509 Patent is invalid.

48.     Highwaymen has not and does not infringe any claim of the '509 Patent either directly or indirectly and either literally or under the doctrine of equivalents.

49.     Aidemar's claims lack merit and any potential damages recovery is barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288. Aidemar is further barred under 35 U.S.C. § 287 from recovering damages before February 18, 2025 for failure to mark its products with the '509 Patent.

50.     Aidemar cannot prove that this is an exceptional case justifying an award to Aidemar of attorney fees under 35 U.S.C. § 285.

51.     Aidemar is not entitled to enhanced or increased damages for willful infringement because Highwaymen has not infringed and has not engaged in any conduct that meets the applicable standard for willful infringement.

52.     Aidemar's complaint fails to state a claim against Highwaymen upon which any of the requested relief may be granted.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

5

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

53.     Aidemar's claims for alleged infringement of the '509 Patent is barred, in whole or in part, by the doctrines of express or implied license.

54.     Aidemar's claims are barred, in whole or in part, by the principles and doctrines of equity, acquiescence, equitable estoppel, unclean hands, laches, and/or waiver.

55.     Aidemar is not entitled to injunctive relief for any claim because any alleged injury to Highwaymen is not immediate or irreparable, and Aidemar has an adequate remedy at law.

56.     The claims of the '509 Patent are invalid under the patent laws, including but not limited to 35 U.S.C. § 112, paragraphs 1 and 2, as explained in the Counterclaim below.

57.     The claims of the '509 Patent are invalid under the patent laws because Highwaymen's Mint Inserts and Patent No. 11,076,632 anticipate and/or would have rendered obvious the '509 Patent under 35 U.S.C. §§ 102 and/or 103, as explained in the Counterclaim below.

58.     The claims of the '509 Patent are unenforceable under the patent laws because of inequitable conduct during the prosecution of '509 Patent, as explained in the Counterclaim below.

59.     Highwaymen specifically reserves the right to assert any and all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or equity, that may now exist or that may become available through information developed in discovery, at trial, or otherwise.

## **COUNTERCLAIMS**

Under Federal Rule of Civil Procedure 13, Highwaymen brings the following counterclaims against Aidemar:

## **INTRODUCTION**

1.     Highwaymen repeats, incorporates, and realleges the foregoing paragraphs as if fully set forth herein.

2.     This is an action for declaratory judgment of invalidity, non-enforcement, and non-infringement of claims 1-20 of the '509 Patent. This action arises under the Declaratory Judgement Act, 28 U.S.C. §§ 2201 *et seq.* and the patent laws of the United States, Title 35 of the United States Code.

3.     Highwaymen seeks (1) a declaratory judgement of invalidity of the '509 Patent as a result of the claims' indefiniteness and lack of written description under 35 U.S.C. §112 and anticipating prior art under 35 U.S.C. §102 and/or obviousness under 35 U.S.C. § 103; (2) a declaratory judgement that the '509 Patent is unenforceable as a result of Mr. Wahidi and/or Aidemar's inequitable conduct before the U.S. Patent and Trademark Office ("Patent Office") during prosecution of the '509 Patent, and (3) a declaratory judgement of non-infringement of the '509 Patent.

4.     By its complaint, Aidemar alleges that the '509 Patent is valid and enforceable and that Highwaymen has infringed the '509 Patent. Highwaymen denied those allegations.

5.     Highwaymen contends that it does not infringe the '509 Patent, that the '509 Patent is invalid, and that the '509 Patent is unenforceable. An immediate, real, and justiciable controversy therefore exists between Aidemar and Highwaymen with respect to the validity, enforceability, and infringement of the '509 Patent.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

7

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

6.     There is an actual case or controversy between Highwaymen and Aidemar regarding the validity, enforceability, and infringement of the '509 Patent, including by reason of Aidemar having filed a complaint accusing Highwaymen of infringing one or more claims of the '509 Patent.

## THE PARTIES

7.     Highwaymen is a limited liability company formed under the laws of Washington and does business in Renton, Washington.

8.     On information and belief, Aidemar is a corporation that is incorporated in California and has its principal place of business in Vernon, California.

## JURISDICTION AND VENUE

9.     This Court has subject-matter jurisdiction over Highwaymen's counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2201(a) because they arise under the Patent Act and the Declaratory Judgement Act.

10.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because the counterclaims are so related to Aidemar's claims that they form part of the same case or controversy under Article III of the United States Constitution.

11.     This Court has personal jurisdiction over Aidemar because Aidemar has consented to the Court's jurisdiction by virtue of filing suit against Highwaymen in this Court.

12.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

## FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity of the '509 Patent under 35 U.S.C. § 112)

13.     Highwaymen repeats, incorporates, and realleges the foregoing paragraphs as if fully set forth herein.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

8

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

14.     Each of the asserted claims of the '509 Patent is invalid for failing to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112.

15.     For example, claims 1-20 of the '509 Patent violate 35 U.S.C § 112 because they are ambiguous, indefinite and violate the written description requirement.

16.     Claim 1 of the '509 Patent recites:

"An insert for use as a mouthpiece to a smokable item and for securing at least one flavor releasing mechanism, the insert comprising . . . a first aperture in the front of the section and extending to the back of the section, the first aperture located between the top side and the bottom side and extending to a point closer to the first side than it extends to the second side; *wherein the section is adapted to be folded in an area of the first aperture thereby forming a first cavity in the area of the first aperture.*"

(ECF No. 1-1 at 7:30-56 (emphasis added).)

17.     Claim 11 of the '509 Patent similarly recites:

A method of creating an insert for use as a mouthpiece to a smokable item and for securing at least one flavor releasing mechanism, the method comprising: . . . *folding the section in an area of the first aperture thereby forming a first cavity in the area of the first aperture, wherein the first cavity is adapted to receive and secure at least one flavor releasing mechanism.*

(ECF No. 1-1 at 8:18-32 (emphasis added).)

18.     The italicized language in claims 1 and 11 in paragraphs 16 and 17 recite purely functional language and do not adequately describe structure that performs the recited function. For example, the italicized claim language does not recite any structural limitation for a "first cavity," nor does the claim recite how the section is to be folded in the area of the aperture to form such "first cavity," rendering the claim vague and indefinite. Nor does the italicized language positively recite how such "first cavity" is "adapted" to receive a flavor releasing mechanism.

19.     Additionally, claims 1 and 11 encompass many more embodiments and possibilities than are explicitly disclosed in the specification of the '509 Patent as there are

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

indefinite ways to fold a "section" in the "area of the first aperture" to "form[] a . . . cavity." As such, the inventor of the '509 Patent did not possess the full scope of the claimed invention at the time of filing.

20.     The broad and vague language of claims 1 and 11 therefore violate Section 112's written description and definiteness requirements.

21.     Because claims 2-10 depend on claim 1 and claims 12-20 depend on claim 11, claims 1-20 of the '509 Patent are invalid. Accordingly, Highwaymen is entitled to a judicial declaration that claims 1-20 of the '509 Patent are invalid under Section 112.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity of the '509 Patent Because Highwaymen's Mint Inserts, the '632 Patent and/or the Provisional Application of the '632 Patent Anticipate and/or Render Obvious the '509 Patent)

22.     Highwaymen repeats, incorporates, and realleges the foregoing paragraphs as if fully set forth herein.

23.     Highwaymen began offering for sale a smokeable device called Mint Inserts in March 2020 and began selling the Mint Inserts in June 2020—about *twelve* and *eight months* before the '509 Patent's earliest possible priority date, which is, on information and belief, March 19, 2021.

24.     The Mint Inserts teach each and every claimed element of asserted claim 1 of the '509 Patent as shown by the following claim chart:

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

10

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

| The '509 Patent | Highwaymen's Prior Art: June 2020 Mint Inserts |
|---|---|
| Claim 1. An insert for use as a mouthpiece to a smokable item and for securing at least one flavor releasing mechanism, the insert comprising: | *Highwaymen's June 2020 Mint Inserts were smokable and secured a flavor releasing mechanism (flavor ball):*<br><br> |
| a section of smokable material including a first side, a second side opposite the first side, a top side, a bottom side, a front, and a back; and | *Highwaymen's June 2020 Mint Inserts included a section of smokable material including a first side, a second side opposing the first side, a top side, a bottom side, a front and a back (the back side opposing the front side).*<br><br> |

HIGHWAYMEN'S ANSWER, AFFIRMATIVE                11
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

| The '509 Patent | Highwaymen's Prior Art: June 2020 Mint Inserts |
|---|---|
| a first aperture in the front of the section and extending to the back of the section, the first aperture located between the top side and the bottom side and extending to a point closer to the first side than it extends to the second side; | *Claim Construction Note*: The attorney who drafted the '509 Patent, Michael N. Cohen of Cohen IP Law Group PC (*see* ECF No. 1-1 at 2, citing "Attorney, Agent, or Firm"), *was careful to note that the words "aperture" and "cutout" are to be used interchangeably.* (*See Id.* at 3:34 ("[ ] the section includes a cutout (also referred to as an aperture [ ]"). *Said differently: the '509 Patent uses the terms "aperture" and "cutout" synonymously. As such, there can be no serious question that a "cutout" as used in the June 2020 Mint Inserts meets the claimed limitation of an "aperture."*<br><br>*Highwaymen's June 2020 Mint Inserts included a first aperture/cutout in the front of the section that extended through to the back of the section. The aperture/cutout was located between the top side and the bottom side. And the aperture/cutout extended to a point closer to the first side as compared to its extent toward the second side.*<br><br> |

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

| The '509 Patent | Highwaymen's Prior Art: June 2020 Mint Inserts |
|---|---|
| wherein the section is adapted to be folded in an area of the first aperture thereby forming a first cavity in the area of the first aperture, and wherein the first cavity is adapted to receive and secure at least one flavor releasing mechanism. | *Highwaymen's June 2020 Mint Inserts' section was adapted to be folded in an area (along displayed fold lines) of the first aperture/cutout to form a first cavity in that area, where the cavity was adapted to receive and secure a flavor releasing mechanism (flavor ball).*  |

25. Similar invalidating charts may be made for the remaining claims 2-20 of the '509 Patent.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

13

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

26.     The America Invents Act, pursuant to 35 U.S.C. § 102(a), renders a patent invalid if "the claimed invention was [ ] *on sale, or otherwise available to the public* before the effective filing date of the claimed invention . . . ." (Emphasis added).

27.     Highwaymen's Mint Inserts were publicly available and publicly on-sale and sold in the United States before the earliest possible priority date of the claimed invention and therefore render the '509 Patent invalid.

28.     This information was communicated to Aidemar during a March 3, 2025 video call with Aidemar's counsel, during which Highwaymen's counsel explained that Highwaymen began selling the Mint Inserts beginning June 2020. (*See* Exhibit A at 2.) Highwaymen's counsel also explained how the Mint Inserts anticipated the '509 Patent. (*Id.*).

29.     Having not heard from Aidemar's counsel, Highwaymen's counsel sent a letter to Aidemar on May 2, 2025, which further put Aidemar on notice that its infringement theories are baseless. (Exhibit A.) In the letter, Highwaymen re-explained in detail that Highwaymen did not, and could not, infringe claims 1-20 of the '509 Patent because the Mint Inserts anticipated the '509 Patent. (*Id.*) Highwaymen requested that Aidemar voluntarily withdraw the lawsuit on or before May 23, 2025 before Highwaymen was required to engage in motion practice to dismiss the case. (*Id.*) Highwaymen also cautioned that Aidemar had a continuing duty to assess the soundness of pending infringement claims. (*Id.*)

30.     Along with the letter, Highwaymen sent a sworn declaration from Harrison Bard, Highwaymen's Chief Executive Officer, stating under oath that Highwaymen started offering for sale the Mint Inserts on March 13, 2020 and selling the same as early as June 24, 2020. (Exhibit A at 7.)

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

14

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

31.     Aidemar's counsel responded over a month later, on June 5, 2025, after multiple follow-up communications from Highwaymen requesting a response and requesting that Aidemar voluntarily withdraw the complaint.

32.     In its June 5, 2025 letter, Aidemar's counsel, Michael N. Cohen (the same attorney who prosecuted the '509 Patent in the USPTO) blanketly stated that "it is clear to us that the image you provided is entirely distinguishable from the ''509 Patent and does not in any way read upon any of its claims" because "[y]our interpretation of 'aperture' is not consistent with the prosecution, claims, drawings or specification of the '509 Patent." (Exhibit B.) But this is not correct, because the specification of the '509 Patent, presumably drafted by Mr. Cohen, expressly supports Highwaymen's construction: The specification of the '509 Patent broadly defines the term aperture and does not limit the term to any specific shape or embodiment.  For example, the specification of the '509 Patent uses the terms "aperture" and "cutout" interchangeably. (See ECF No. 1-1 at 3:34 ("[T]he section includes a cutout (also referred to as an aperture. . . .").

33.     In the same letter, Aidemar's counsel further identified Patent No. 11,076,632 ("'632 Patent") as "cover[ing] the design of . . . Highwaymen's Mint Inserts." (Exhibit B.)

34.     The '632 Patent was filed on September 25, 2020—more than five months before the earliest possible priority date of the '509 Patent—and claims priority to Provisional Application Ser. No. 62/925,604 ("Provisional Application of the '632 Patent"), filed on Oct. 24, 2019—more than a year before the earliest possible priority date of the '509 Patent. The '632 Patent was published on August 3, 2021—two months before the '509 Patent was filed. (Exhibit C.) Thus, the

1

'632 Patent is prior art to the '509 Patent at least under 35 U.S.C. § 102(a)(2). If Highwaymen's

2

Mint Inserts anticipate the '509 Patent, so does the '632 Patent.[1]

3

4        35.    Further, the disclosures in the Provisional Application of the '632 Patent teach each

and every element of asserted claim 1 of the '509 Patent as shown in the following claim chart:

5

6

| The '509 Patent | Provisional Application of the '632 Patent |
|---|---|
| Claim 1. An insert for use as a mouthpiece to a smokable item and for securing at least one flavor releasing mechanism, the insert comprising: | *The Provisional Application of the '632 Patent provides a (1) "tip" that is smokeable and secures a flavor releasing mechanism ((2) "flavor capsule"). "The user would use one of these tips while rolling a smoke." The provisional application includes "at least one flavor releasing mechanism" as it provides that "more than one flavor capsule could be added." (Exhibit C.)*  Top View |

[1] Highwaymen assumes for purposes of this counterclaim that Aidemar's cousel's representation that the '632 Patent "covers the design of . . . Highwaymen's Mint Inserts" is true. However, Highwaymen reserves the right to amend its position.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

16

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

| a section of smokable material including a first side, a second side opposite the first side, a top side, a bottom side, a front, and a back; and | *The provision application includes a section of smokable "paper or cardboard" material (1) including a first side, a second side opposing the first side, a top side, a bottom side, a front and a back (the back side opposing the front side). (Exhibit C.)* |
|---|---|
|  |  Top View |

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

17

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

| The '509 Patent | Provisional Application of the '632 Patent |
|---|---|
| a first aperture in the front of the section and extending to the back of the section, the first aperture located between the top side and the bottom side and extending to a point closer to the first side than it extends to the second side; | *Claim Construction Note: The attorney who drafted the '509 Patent, Michael N. Cohen of Cohen IP Law Group PC (see ECF No. 1-1 at 2, citing "Attorney, Agent, or Firm"), was careful to note that the words "aperture" and "cutout" are to be used interchangeably. (See Id. at 3:34 ("[ ] the section includes a cutout (also referred to as an aperture [ ]"). Said differently: the '509 Patent uses the terms "aperture" and "cutout" synonymously. As such, there can be no serious question that the terms "holes . . . cut into the paper" and a "pre-cut hole" as used in the Provisional Application of the '632 Patent meet the claimed limitation of an "aperture."*<br><br>*The Provisional Application of the '632 Patent included a first aperture/cutout in the front of the section that extended through to the back of the section. "A single or series of holes (circular and/or elongated) are cut into the paper or cardboard material that can be used to create the tips." The aperture/cutout was located between the top side and the bottom side. And, as shown in the Figure below, the elongated aperture/cutout extended to a point closer to the first side as compared to its extent toward the second side. (Exhibit C.)*<br><br><br><br>Top View |

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

18

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

| The '509 Patent | Provisional Application of the '632 Patent |
|---|---|
| wherein the section is adapted to be folded in an area of the first aperture thereby forming a first cavity in the area of the first aperture, and wherein the first cavity is adapted to receive and secure at least one flavor releasing mechanism. | *The (1) tip in the Provisional Application of the '632 Patent was adapted to be folded in an area of the first aperture/cutout to form a first cavity in that area, where the cavity was adapted to receive and secure (2) a flavor releasing mechanism (flavor capsule). As shown in the figures below, the tip material (1) with the apertures is folded accordion-style to create a cavity in which the flavor capsule (2) is received. (Exhibit C.)*<br><br><br>Front View<br><br><br>Perspective View |

36.    The disclosures in the Provisional Application of the '632 Patent qualify as prior

art under 35 U.S.C. § 102(a)(2), at least because "the claimed invention was described in . . . an

application for patent published or deemed published under section 122(b), in which the patent or

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

19

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention."

37.     Section 103 of Title 35 also renders a patent invalid as obvious based on two or more disclosures that qualify as prior art under Section 102. *Sparton Corp. v. United States*, 89 Fed. Cl. 196, 210 (2009).

38.     Highwaymen seeks a declaration from this Court that all claims 1-20 the '509 Patent are invalid as being anticipated under 35 U.S.C. § 102 at least by Highwaymen's Mint Inserts, the '632 Patent and/or the Provisional Application of the '632 Patent, or as being obvious under 35 U.S.C. § 103 based at least on a combination of Highwaymen's Mint Inserts, the '632 Patent and/or the Provisional Application of the '632 Patent.

39.     Upon information and relief, Aidemar performed no prefiling analysis of the soundness of its infringement claims. Given that Aidemar has not dismissed its lawsuit in light of Highwaymen's letter and sworn declaration regarding Highwaymen's prior art Mint Inserts and Aidemar's knowledge of the '632 Patent (and presumed knowledge of the Provisional Application of the '632 Patent), Aidemar has also performed no post-filing analysis of the soundness of its infringement claims.

40.     This case, therefore, is an exceptional case under 35 U.S.C. § 285, and Highwaymen is entitled to recover attorneys' fees and costs.

### THIRD COUNTERCLAIM
(Declaratory Judgment of Unenforceability of the '509 Patent Due to Inequitable Conduct
During Prosecution of the '509 Patent)

41.     Highwaymen repeats, incorporates, and realleges the foregoing paragraphs as if fully set forth herein.

42. The '509 Patent is unenforceable as a result of Aidemar's inequitable conduct before the Patent Office.

43. As stated above, Highwaymen began offering for sale the Mint Inserts in March 2020 and began selling the same in June 2020—about twelve and eight months before the '509 Patent's earliest possible priority date. As further explained above, the Mint Inserts and the '632 Patent are material to the patentability of the '509 Patent because they disclose each and every claimed element of the '509 Patent.

44. Because the smoking industry is small, members in the industry know which products are in the marketplace, including Highwaymen's Mint Inserts and the '632 Patent.

45. On information and belief, Jawid Wahidi, the inventor of the '509 Patent, and/or Aidemar, the assignee of the '509 Patent, knew of the existence of the Mint Inserts and the '632 Patent, or similar products, being available for purchase before filing the '509 Patent and while the '509 Patent was being prosecuted by Mr. Michael N. Cohen.

46. Mr. Wahidi, Aidemar, and prosecution counsel (Mr. Cohen) were also made aware of the existence of the Mint Inserts as prior art, when counsel for Highwaymen sent a letter to Aidemar's counsel (Mr. Cohen) on May 2, 2025, after a March 3, 2025 video call informing Aidemar of the existence of the March 2020 offers for sale and June 2020 sales of the Mint Inserts. (Exhibit A.)

47. Mr. Wahidi and/or Aidemar were again reminded of the March 2020 offers for sale and June 2020 sales of the Mint Inserts in the May 2, 2025 letter from Highwaymen's counsel. (Exhibit A.)

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

21

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

48.     Aidemar's counsel, in response, admitted to Highwaymen that the Mint Inserts were not disclosed during the prosecution of the '509 Patent, but argued that the '632 Patent was cited in a *continuation* of the '509 Patent *that is not asserted in this suit*. (Exhibit B.)

49.     Aidemar took no steps to disclose the Mint Inserts to the Patent Office during and since the prosecution of the '509 Patent and rather maintained this baseless lawsuit against Highwaymen.

50.     In addition to failing to disclose Highwaymen's Mint Inserts as prior art during the prosecution of the '509 Patent, Mr. Wahidi, Aidemar and prosecution counsel (Mr. Cohen) also failed to disclose the '632 Patent despite knowing it's materiality to the claims of the '509 Patent. In fact, Mr. Wahidi, Aidemar and prosecution counsel (Mr. Cohen) failed to disclose *any* prior art to the Patent Office during the prosecution of the '509 Patent.

51.     As stated earlier, the '632 Patent was published on August 3, 2021—two months before the '509 Patent was filed. In the June 5, 2025 letter to Highwaymen, Aidemar's counsel took the position that the '632 Patent "covers the design of . . . Highwaymen's Mint Inserts." (Exhibit B.) If Highwaymen's Mint Inserts anticipate or would have rendered obvious the '509 Patent, so does the '632 Patent.[2] And as stated in paragraph 35, the Provisional Application of the '632 Patent disclosed the invention claimed in the '509 Patent.

52.     On March 28, 2022, about three months before the '509 Patent issued, Mr. Wahidi, Aidemar, and prosecution counsel (Mr. Cohen) became aware of the '632 Patent and its materiality with respect to the '509 Patent because the '632 Patent was cited in a rejection of a related Aidemar patent application (also invented by Mr. Wahidi), U.S. Ser. No. 17/583,039, entitled "Spiral Insert

---

[2] Here again, Highwaymen assumes for purposes of this counterclaim that Aidemar's cousel's representation that the '632 Patent "covers the design of . . . Highwaymen's Mint Inserts" is true. However, Highwaymen reserves the right to amend its position.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

22

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

with Flavor Releasing Mechanisms." The Examiner in that rejection, referring to the '632 Patent as "Ormaza") stated as follows:

> With reference to Figs. 1 and 5-7, Ormaza discloses a conical or cylindrical joint or blunt tip for placement at the end of a joint where a smoker places their mouth (for use as a mouthpiece), and housing at least one crushable flavor capsule (flavor releasing mechanism) to enhance the smoking experience for a user (Abs; col 1, lines 15-19; col 2, lines 3-16; col 3, lines 14-17; col 5, lines 3-5 and 13-18; Claim 1), the tip including a pre-rolled section forming an elongate member 10 (col 2, lines 32-36 and 54-56) having open ends defining an inner volume extending therebetween (as depicted in Figs. 1 and 7) or, at least a first open end and a second open end opposite the first open end would have been obvious to one of ordinary skill in the art from the disclosure and to allow use of the tip as a mouthpiece. The tip is formed from a tip sheet 22 and further comprises a corrugated section 24 as a portion of the pre-rolled section folded along crease lines 26 and disposed to traverse the inner volume from the first open end to the second open end, the corrugated section serving as a partition to separate the inner volume into at least two elongate compartments (Figs 1, 6 and 7; col 3, lines 32-

33 and 41-45; col 4, lines 4-15 and 43-47). The corrugated section (partition) comprises a cut-out portion 27 (col 3, lines 52-53), the crushable flavor capsule 40, 42 (flavor releasing system) within the cut-out portion (col 3, line 66 to col 4, line 3; col 4, lines 13-20 and 43-60) and held within the inner volume by the partition (Abs; col 5, lines 8-10 and 18-19). The tip of Omaza reads on the claimed insert system for use as a mouthpiece to a smokable item and for securing at least one flavor-releasing mechanism.

(Exhibit D.)

53.     Yet, despite knowing about the '632 Patent and its materiality with respect to the claimed subject matter in the '509 Patent about three months before the '509 Patent issued, Mr. Wahidi, Aidemar and/or Mr. Cohen did not disclose the '632 Patent during the prosecution of the '509 Patent.

54.     Mr. Wahidi, as the inventor of the '509 Patent, Aidemar, as a party involved in the prosecution of the '509 Patent, and Mr. Cohen, as prosecution counsel, had a duty to disclose to the Patent Office any information known to them to be material to the patentability of the '509 Patent. 37 C.F.R. § 1.56.

55.     On information and belief, Mr. Wahidi, Aidemar and/or Mr. Cohen intentionally withheld knowledge of these two prior art references to the Patent Office during prosecution of the '509 Patent. In fact, Mr. Wahidi, Aidemar, and Mr. Cohen did not file *any* Information Disclosure Statemen during prosecution of the '509 Patent.

56.     Therefore, Mr. Wahidi, Aidemar and/or Mr. Cohen violated their duty of disclosure, candor, and good faith during the prosecution of the '509 Patent. Accordingly, the

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

24

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

'509 Patent is unenforceable due to Mr. Wahidi's, Aidemar's and/or Mr. Cohen's inequitable conduct during the prosecution of the '509 Patent.

57.     Highwaymen seeks a declaration from this Court that the '509 Patent is unenforceable because of Mr. Wahidi's, Aidemar's and/or Mr. Cohen's inequitable conduct during the prosecution of the '509 Patent.

58.     Aidemar filed its complaint in this action against Highwaymen knowing that the '509 Patent is unenforceable and that Highwaymen has not infringed and does not infringe any claim of the '509 Patent.

59.     This case, therefore, is an exceptional case under 35 U.S.C. § 285, and Highwaymen is entitled to recover attorneys' fees and costs.

**FIFTH COUNTERCLAIM**
(Declaratory Judgment of Non-Infringement of the '509 Patent)

60.     Highwaymen repeats, incorporates, and realleges the foregoing paragraphs as if fully set forth herein.

61.     Highwaymen does not directly infringe, indirectly infringe, induce the infringement, or contribute to the infringement (either literally or under the doctrine of equivalents), including willfully, of any valid and/or enforceable asserted claim of the '509 Patent.

62.     Highwaymen does not infringe any valid and/or enforceable claim of the '509 Patent in any manner under any section of 35 U.S.C. § 271, either alone or jointly with any other individual or entity.

63.     Highwaymen seeks a declaration from this Court that Aidemar has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '509 Patent.

64. Aidemar filed its complaint in this action against Highwaymen knowing that the '509 Patent is invalid and unenforceable and that Highwaymen has not infringed and does not infringe any valid claim of the '509 Patent.

65. This case, therefore, is an exceptional case under 35 U.S.C. § 285, and Highwaymen is entitled to recover attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Highwaymen prays for the following relief:

1. Dismissal with prejudice of Aidemar's complaint against Highwaymen;

2. Judgment that Aidemar is not entitled to any relief whatsoever, whether in law or equity or otherwise, from its suit against Highwaymen;

3. Judgment that Highwaymen does not infringe, and has not infringed, the '509 Patent under any theory of infringement;

4. Judgment that the '509 Patent is invalid;

5. Judgment that the '509 Patent is unenforceable;

6. An entry of judgment in Highwaymen's favor and against Aidemar on all of the Counterclaims;

7. An order declaring this an exceptional case and awarding Highwaymen its attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

8. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Highwaymen demands a trial by jury on all issues so triable.

HIGHWAYMEN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO AIDEMAR'S
COMPLAINT
CIVIL ACTION NO.: 2:25-CV-00313

26

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

Defendant is not aware of the existence of any applicable insurance agreement of the kind described in Rule 26(a)(1)(A)(iv).

Dated: June 20, 2025.                    Respectfully submitted,

_/s Paul J. Bruene_
Douglas A. Grady, 36100
**BAKER & HOSTETLER LLP**
Paul J. Bruene, 52727
999 Third Avenue
Suite 3900
Seattle, WA 98104-4076
Tel:    206.332.1380
dgrady@bakerlaw.com
pbruene@bakerlaw.com

*Attorneys for Defendant HIGHWAYMEN SUPPLY AND PACKAGING LLC*