UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AIDEMAR GROUP INC., <br><br> Plaintiff, <br> v. <br><br> HIGHWAYMEN SUPPLY AND PACKAGING LLC, <br><br> Defendant. | CASE NO. 2:25-cv-00313-LK <br><br> ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT |

This matter comes before the Court on Defendant Highwaymen Supply and Packaging LLC's Motion for Extension of Time to Respond to Complaint. Dkt. No. 16. Highwaymen seeks to continue the deadline to respond from June 6, 2025 to July 3, 2025. *Id.* at 3. For the reasons set forth below, the Court grants the motion in part.

**I.   BACKGROUND**

Plaintiff Aidemar Group Inc. filed this patent infringement case in February 2025. Dkt. No. 1. Highwaymen waived service, and its answer was due on May 13, 2025. Dkt. No. 16 at 2. The parties subsequently agreed to extend the response deadline to June 6, 2025. *Id.*

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT - 1

In the meantime, Highwaymen pursued what it believed was "a fatal defect in Aidemar's claim, namely, the invalidity of the sole asserted patent[.]" Dkt. No. 20 at 1–2. The parties discussed the issue during a March 3 call, and Highwaymen followed up with a May 2 letter. Dkt. No. 16 at 2. Highwaymen requested a response to its letter by May 23, but "hearing nothing," it began preparing its June 6 response to the complaint. *Id.* Highwaymen again followed up on the invalidity issue in a May 28 email, requesting a response and threatening to seek sanctions. Dkt. No. 20-3 at 2. On June 5, Aidemar "responded with an explanatory letter," which Highwaymen claims "upended" its "way-forward . . . with twenty-four hours to go" before its answer deadline. Dkt. No. 16 at 2; *see also* Dkt. No. 20 at 2 (noting that Aidemar's response "resolved Highwaymen's Rule 11 concern").

On June 5, 2025, Highwaymen's counsel sent an email to Aidemar's counsel requesting a 30-day extension of its answer deadline, and on the same day, Aidemar's counsel consented to a 7-day extension. Dkt. No. 18-2 at 5–6. Highwaymen asked again for a longer extension, *id.* at 8–9, and Aidemar responded that it was amenable to a four-week extension but "wanted to raise a couple of conditions and concerns. Stay tuned please," *id.* at 10. Aidemar's counsel next wrote that Aidemar consented to extend the answer deadline to July 6, but the offered extension "[did] not apply to any motion under Rule 12 or other pre-answer motion." *Id.* at 12. Highwaymen filed this motion on June 6, Dkt. No. 16, followed by its answer on June 20, Dkt. No. 19.

## II.   DISCUSSION

Where, as here, the defendant moves for an extension of time to respond to the complaint before the deadline has passed, the Court may grant the extension for good cause. *See* Fed. R. Civ. P. 6(b)(1)(A). Aidemar argues that Highwaymen has not shown good cause because it had ample time to respond to the complaint—especially after receiving a prior extension—and created its own last minute urgency by waiting "more than two months to follow up on its own Rule 11

blustering." Dkt. No. 18 at 4. It also argues that it will be prejudiced by an additional delay because Highwaymen "continues to sell the accused products, and further delays will lead to continued lost sales." *Id.* In its reply, Highwaymen responds that Aidemar will not suffer prejudice from the short delay because it waited seven months to file this case. Dkt. No. 20 at 3. It also argues that it did not have sufficient time to "substantively respond to a major legal and factual assertion made the day before its response deadline," when Aidemar "soundly rebuffed" Highwaymen's assertion of prior art. *Id.* at 4.

Whether good cause exists here is a close call. Highwaymen could have requested an extension earlier of its (long known) June 6 deadline, without awaiting Aidemar's June 5 letter. That said, the June 5 letter significantly changed Highwaymen's view of the case, *id.*, and Aidemar does not explain why it waited until the eve of Highwaymen's answer deadline to provide it. Under these circumstances, there is no evidence of bad faith, nor has Aidemar demonstrated that it was prejudiced by Highwaymen's two-week delay in filing its answer. The absence of bad faith or prejudice weighs in favor of granting the motion. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (stating that "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." (citation modified)). The Court therefore grants Highwaymen's motion in part, Dkt. No. 16, and extends the answer deadline to June 20, 2025, the date it filed is answer, Dkt. No. 19.

Although the Court grants Highwaymen's motion, it also finds that its conduct violated Local Civil Rule 7(j), which requires that "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Highwaymen filed its (opposed) motion on the same day its answer was due. The motion was noted for June 20 pursuant to Local Civil Rule 7(d)(2), so the Court could

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT - 3

not have ruled on the motion before Highwaymen's June 6 answer deadline. Rule 7(j) provides that "[p]arties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." Despite that admonition, Highwaymen granted itself a de facto extension and filed its answer two weeks late. *See* Dkt. No. 19. Furthermore, Highwaymen's motion does not provide evidentiary support for its factual assertions, violating Local Civil Rule 7(b)(1). LCR 7(b)(1) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."); *Carrillo-Gonzalez v. I.N.S.*, 353 F.3d 1077, 1079 (9th Cir. 2003) (attorney argument "does not constitute evidence"). And Highwaymen's reply brief attaches exhibits directly to its reply rather than attaching them to a declaration authenticating the exhibits. Dkt. Nos. 20-1–20-4; *see also* Fed. R. Evid. 901; 28 U.S.C. § 1746.[1] The Court cautions the parties that further violations of the applicable rules could result in sanctions.

Finally, the Court reminds both parties that it expects "a high degree of professionalism and civility from the lawyers practicing before this court[.]" LCR 83.1(d)(2); *see also* Introduction to the Local Civil Rules ("There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case."). Neither side has fulfilled that expectation in bringing this dispute (and a procedurally improper request for relief in an opposition brief[2]) before the Court. *McCullers v.*

---

[1] The same is true for Aidemar; Aidemar fails to provide evidentiary support for certain factual assertions, *see, e.g.*, Dkt. No. 18 at 3, and for other factual assertions, Aidemar attaches exhibits (with confusing, out-of-order pagination) directly to its response instead of attaching them to a declaration authenticating the exhibits, Dkt. Nos. 18-2–18-4; *see also* Fed. R. Evid. 901; 28 U.S.C. § 1746.

[2] *See* Dkt. No. 18 at 5; Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) (citing LCR 7(b)(1), 7(k)).

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT - 4

*Koch Foods of Alabama LLC*, No. 1:24-cv-01496, 2024 WL 4907226, at *1 (N.D. Ala. Nov 26, 2024) ("Judges rightly expect lawyers to handle minor procedural issues like extensions without unnecessary conflict[.]").

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Highwaymen's Motion for Extension of Time to Respond to Complaint, and extends the deadline to respond to Aidemar's complaint to June 20, 2025. Dkt. No. 16.

Dated this 7th day of July, 2025.

Lauren King
United States District Judge